# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

| | |
|---|---|
| Doron Amir,<br><br>                              Plaintiff,<br><br>-v.-<br><br>Equifax Information Services, LLC; and Toyota Motor Credit Corp. a/k/a Toyota Motor Leasing;<br><br>                              Defendants. | Case No.: 0:22-cv-61387<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Doron Amir brings this Complaint by and through counsel, against Defendants Equifax Information Services, LLC ("Equifax" or "Bureau"); and Toyota Motor Credit Corp. a/k/a Toyota Motor Leasing ("Toyota" or "Furnisher"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Broward.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6.     Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7.     Equifax is a Georgia corporation registered to do business in this State.

8.     Equifax may be served with process upon its registered agent at Corporation Service Company, 1201 Hays Street, Tallassee, FL 32301.

9.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10.    At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11.    Defendant Toyota is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

12.    Toyota has an address for service at upon its registered agent at C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## FACTUAL ALLEGATIONS

13.    Plaintiff incorporates the above allegations as if set forth here.

14.    Sometime prior to May 2022, Plaintiff allegedly incurred a financial obligation to Toyota.

15.    The Toyota account number begins with 40772L… ("Account").

16.    The Account was being reported as delinquent.

17.    The Account was appearing on the Bureau's credit report as a collection account.

18.    The balance on the Account was being reported as $12,061..

19. Yet, the Toyota Account was not opened by Plaintiff.

20. It was fraudulently opened without his approval or awareness.

21. Plaintiff did not authorize anyone to open this account.

22. Plaintiff is not and has never been in possession of the Account.

23. Plaintiff did not enter into a transaction with Toyota, or anyone, for the Account.

24. Plaintiff is a victim of identity theft.

25. Identity theft fraud occurs when someone uses another consumer's identification information to establish credit without authority.

26. On or about May 13, 2022 Plaintiff filed an FTC Identity Theft Report ("ID Theft Report").

27. The Report number is 147708532.

28. Plaintiff confirmed that he is a victim of the crime of identity theft.

29. In the ID Theft Report, Plaintiff confirmed his understanding that knowingly making false statements to the government may result in a fine, imprisonment, or both.

30. The ID Theft Report form, signed by Plaintiff, states, "Use this form to prove to business and credit bureaus that you submitted an FTC Identity Theft Report to law enforcement."

31. An ID Theft Report is acceptable proof of identity theft to block items in a consumer's credit report as disputed for being fraudulent.

32. Furnisher was reporting the Account to Equifax.

33. Equifax was reporting the Account on Plaintiff's credit reports.

34. On or about May 13, 2022, Plaintiff disputed the Account ("Dispute").

35. Plaintiff sent the Dispute to Equifax.

36. In his Dispute, Plaintiff included the ID Theft Report.

37. An ID Theft Report is acceptable proof of identity theft to block items in a consumer's credit report as disputed for being fraudulent.

38. Upon receipt of notice of identity theft, the Bureau is required to block the disputed information pursuant to 15 U.S.C. § 1681c-2.

39. Despite the Dispute, and subsequent to receiving the Dispute, the Account remained on Plaintiff's credit report from the Bureau.

40. On information and belief, on date(s) better known to the Bureau, it issued credit reports concerning the Plaintiff that included the Account.

41. On information and belief, on date(s) better known to the Bureau, it issued credit reports concerning the Plaintiff that included Toyota tradeline.

42. The information furnished by Toyota and published by the Bureau was inaccurate.

43. The Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

44. The Bureau is required to notify Toyota of Plaintiff's dispute(s).

45. It appears and is therefore averred that the Bureau notified Toyota of Plaintiff's dispute(s).

46. Upon receipt of the dispute of the Account by the Plaintiff from the Bureau, Toyota failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

47. Had Toyota done a reasonable investigation it would have been revealed to it that the Account is inaccurate.

48. A reasonable investigation by each Defendant would have revealed that the Account is being incorrectly reported.

49. Despite the dispute(s) by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

50. The Bureau's actions described herein violated 15 U.S.C. § 1681i by failing to reasonably reinvestigate disputed information.

51. The Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

52. The Bureau further violated 15 U.S.C. § 1681c-2 (a) (Block of information resulting from identity theft).

53. Toyota's actions described herein violated 15 U.S.C. 1681s-2 (b) (Duties of furnishers of information upon notice of dispute).

54. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

55. Defendants knew the information was inaccurate.

56. Each Defendant was in possession of the documentation of the inaccuracy and fraud of the Account yet persisted in reporting it anyway.

57. Had the Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

58. Toyota continued to furnish credit data which is inaccurate and materially misleading, and the Bureau's reporting of the above-referenced tradeline continued to be inaccurate and materially misleading.

Damages

59. These actions by Defendants caused damage to Plaintiff.

60. Defendants' erroneous reporting affected Plaintiff's reputation, creditworthiness, and credit score.

61. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

62. Plaintiff suffered damage to his reputation as it falsely appeared as if he owed money on the Toyota account.

63. Plaintiff suffered damage to his reputation as it falsely appeared as if he was delinquent on the Toyota account.

64. This false information was published to numerous third-parties.

65. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

66. Plaintiff has, inter alia, suffered a loss of credit, loss of ability to purchase and benefit from credit, loss of time, loss of money, harm to his reputation, a chilling effect on applications for credit, mental and emotional pain, anguish, humiliation, and embarrassment of

having fraudulent information on his credit report, in his credit file, and for credit denial and its after-effects.

67.     Plaintiff was also funding opportunities due to Defendants' actions.

68.     After disputing the Account and requesting it be blocked and removed, Plaintiff's application for a credit card was denied due to Defendants' actions.

69.     Plaintiff was emotionally distraught and damaged, and had difficulty with sleep.

70.     Due to each of Defendants' action, Plaintiff was damaged.

## FIRSTCAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureau)

71.     Plaintiff incorporates the allegations in paragraphs 1-70 above as if set forth here.

72.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

73.     The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained concerning the Plaintiff.

74.     The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete disputed tradelines within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

75.     The FCRA has provisions that specifically govern disputes based on alleged identity theft, yet the Bureau failed to comply with those provisions.

76.     When Plaintiff alleged identity theft and sent a valid identity theft report that was filed with law enforcement, the Bureau was required to stop reporting the fraudulent information

in the Plaintiff's credit report. See 15 U.S.C. §§ 1681c-2(a), 1681a(q)(4); 12 C.F.R. § 1022.3(i)(1).

77. The FCRA thus reflects congressional recognition that it is unreasonable for the Bureau not to block information that is contained in a credit report due to identity theft when the crime has been reported to law enforcement.

78. The Bureau further violated 15 U.S.C. § 1681c-2(a) (Block of information resulting from identity theft) by failing to block information in Plaintiff's credit report after receiving the Report.

79. Upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

80. The Bureau has willfully and recklessly failed to comply with the Act.

81. The failure of the Bureau to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c) The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

    d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e) The failure to promptly delete information that was found to be inaccurate, or

    could not be verified, or that the source of information had advised the Bureau to delete;

  f) failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

  g) failing to promptly notify the furnisher of information identified by Plaintiff as information that resulted from identity theft;

  h) The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

  i) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

82. As described above and as a result of the conduct, action and inaction of the Bureau, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, loss of time, loss of money, harm to his reputation, a chilling effect on applications for credit, mental and emotional pain, anguish, humiliation, and embarrassment of having fraudulent information on his credit report, in his credit file, and for credit denial and its after-effects.

83. The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

84. Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against the Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureau)

85. Plaintiff incorporates the allegations in paragraphs 1-70 above as if set forth here.

86. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

87. The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained concerning the Plaintiff.

88. The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

89. The FCRA has provisions that specifically govern disputes based on alleged identity theft, yet The Bureau failed to comply with those provisions.

90. When Plaintiff alleged identity theft and sent a valid identity theft report that was filed with law enforcement, the Bureau was required to stop reporting the fraudulent information in the Plaintiff's credit report. See 15 U.S.C. §§ 1681c-2(a), 1681a(q)(4); 12 C.F.R. § 1022.3(i)(1).

91. The FCRA thus reflects congressional recognition that it is unreasonable for the Bureau not to block information that is contained in a credit report due to identity theft when the crime has been reported to law enforcement.

92. The Bureau violated 15 U.S.C. § 1681c-2(a) (Block of information resulting from identity theft) by failing to block information in Plaintiff's credit report after receiving the Report.

93. Upon information and belief, the Bureau further violated 15 U.S.C. § 1681c-2(b) by failing to promptly notify the furnisher of information identified by Plaintiff under subsection (a) of 15 U.S.C. § 1681c-2.

94. The Bureau has negligently failed to comply with the Act.

95. The failure of the Bureau to comply with the Act include but are not necessarily limited to the following:

    j) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    k) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    l) The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

    m) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    n) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

    o) failing to block information in Plaintiff's credit report after Plaintiff identified it as information that resulted from identity theft;

    p) failing to promptly notify the furnisher of information identified by Plaintiff as

information that resulted from identity theft;

q) The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

r) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

96. As described above and as a result of the conduct, action and inaction of the Bureau, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, loss of time, loss of money, harm to his reputation, a chilling effect on applications for credit, mental and emotional pain, anguish, humiliation, and embarrassment of having fraudulent information on his credit report, in his credit file, and for credit denial and its after-effects.

97. The conduct, action, and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

98. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against the Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Furnisher)**

99. Plaintiff incorporates the allegations in paragraphs 1-70 above as if set forth here.

100. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

101. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

102. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

103. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

104. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

105. Defendant Toyota willfully and recklessly violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

106. Toyota continued to report the Account on Plaintiff's credit report after being notified of his dispute(s) regarding the inaccuracies in relation to said accounts.

107. As described above and as a result of the conduct, action and inaction of Toyota, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, loss of time, loss of money, harm to his reputation, a chilling effect on applications for credit, mental and emotional pain, anguish, humiliation, and embarrassment of having fraudulent information on his credit report, in his credit file, and for credit denial and its after-effects.

108. The conduct, action, and inaction of Toyota was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

109. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in his favor against Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Furnisher)**

110. Plaintiff incorporates the allegations in paragraphs 1-70 above as if set forth here.

111. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

112. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

113. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

114. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

115. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

116. As described above, Toyota is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

117. After receiving the dispute notice(s) from the Bureau, Toyota negligently failed to conduct its reinvestigation in good faith.

118. A reasonable investigation would require a furnisher such as Toyota to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

119. The conduct, action and inaction of Toyota was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

120. As described above and as a result of the conduct, action and inaction of Toyota, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, loss of time, loss of money, harm to his reputation, a chilling effect on applications for credit, mental and emotional pain, anguish, humiliation, and embarrassment of having fraudulent information on his credit report, in his credit file, and for credit denial and its after-effects.

121. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Toyota in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in the favor against Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

122. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and

g) For any such other and further relief as this Court may deem just and proper.

Dated:  July 26, 2022

Respectfully submitted,

**Zeig Law Firm, LLC**

s/ Justin Zeig
By:  Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com

*Attorneys for Plaintiff*